## THE PALLANZA.

(Circuit Court of Appeals, Second Circuit. May 24, 1911.)

No. 279.

1. COLLISION (§ 85*)—ACTION FOR DAMAGES—CONTRIBUTORY FAULT—BURDEN
AND MEASURE OF PROOF.
   Where the faults of a steamer were sufficient to account for a colli-
sion with a schooner in a dense fog, before the schooner is also con-
demned the court should be satisfied that her fault contributed to the
accident.
   [Ed. Note.—For other cases, see Collision, Dec. Dig. § 85.*]

2. COLLISION (§ 83*)—STEAMER AND SCHOONER IN FOG—CONTRIBUTORY FAULT.
   That the mate of a schooner, who was acting as lookout and sounding
her fog horn in a dense fog, was burdened with too many duties, is not
sufficient to charge the schooner with contributory fault for a collision
with a steamer, brought about by the clear fault of the steamer, where
all of his work was done and properly done.
   [Ed. Note.—For other cases, see Collision, Dec. Dig. § 83.*]

Appeal from the District Court of the United States for the South-
ern District of New York.

Suit in admiralty by J. Allen Hudson, master and chief owner of
the schooner Emma Knowlton, against the steamer Pallanza; the
Hamburg-American Line, claimant. From a decree awarding him
half damages for collision, libelant appeals. Reversed.

Harrington, Bigham & Englar (D. Roger Englar, of counsel),
for appellant.

Burlingham, Montgomery & Beecher (James Forrester and Chaun-
cey I. Clark, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The District Judge condemned the steamer
for proceeding at too great a rate of speed in an unusually thick fog
and for not reversing in time to prevent the collision. We concur in
these conclusions. The schooner was held in fault because the mate,
who was blowing the fog-horn and acting as lookout, "had an un-
necessary amount of labor put upon him while the schooner was go-
ing as fast as the wind would permit her through a dense fog. From
this finding the conclusion flows that it was 'a fault to require the
mate to do so much.' "

[1] The steamer was at fault, first, for proceeding at too great a
rate of speed; second, for not stopping when she heard the indistinct
blast from the schooner, and, third, for not reversing when she dis-
tinctly heard the three blasts on her starboard bow. These manifest
faults sufficiently account for the collision, and before the schooner
is condemned, the court should be satisfied that her fault contributed
to the accident. The direct testimony is uncontradicted that her fog-
horn was sounded at proper intervals by the mate, Borden, stationed
at the forecastlehead. The assertion that the horn was not properly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sounded is not only contrary to the testimony of the only witnesses who could see what was done on the schooner's deck, but is in conflict with the dictates of common sense and ordinary prudence. The proposition that a sailing vessel, practically helpless in a dense fog, would blow her horn at a place where the sails and deck load would prevent the sound from being heard, is too absurd for credence. The District Judge refused to make a finding to the effect that the fog-horn was sounded from amidships or behind the sails and expressed the opinion that such a finding could not be made on the evidence. He based his decision solely upon the proposition that Borden had too much to do. Having in mind the small amount of work which it is necessary to do on a sailing vessel after her sails are set and she is under way, we are unable to concur in this finding.

[2] But conceding it to be well founded, it is in our opinion of no importance what Borden had to do, whether much or little, so long as he was doing his duty faithfully at and before the time of the collision. The uncontradicted testimony shows that he was doing all that could be done at this time. If he blew the fog-horn from the bow at proper intervals it was as effectual as if he had been employed and paid for this service alone and did no other work. The fact, if it be so, that more work was required of him than one man should do is not material, so long as this work was done and properly done. That it was done is demonstrated, not only by the witnesses for the schooner, but also by the fact that the signals were heard on the steamer. The Nacoochee, 137 U. S. 330, 11 Sup. Ct. 122, 34 L. Ed. 687.

The decree is reversed with costs and the cause is remanded to the District Court with instructions to enter a decree for the libelant for the full amount of his damages and costs.